## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN PATRICK SIMON | : |
| | : CRIMINAL NO.: 02-82-BAJ-EWD |
| VERSUS | : |
| | : |
| UNITED STATES OF AMERICA | : |

### RESPONSE TO DEFENDANT'S MOTION FOR ORDER AUTHORIZING SECOND OR SUCCESSIVE MOTION TO COLLATERALLY ATTACK CONVICTION AND SENTENCE

**NOW INTO COURT,** comes the United States of America, through J. Walter Green, United States Attorney for the Middle District of Louisiana, through Robert W. Piedrahita, Assistant U.S. Attorney and respectfully represents the following:

1.

On May 8, 2016, Stephen Patrick Simon, the defendant, filed a motion seeking authorization to proceed with a second or successive motion to collaterally attack his conviction and sentence, pursuant to Title 28, United States Code, Section 2255(b)(2).

2.

Following his conviction by a jury for possession of a firearm by a convicted felon, pursuant to the provisions of Title 18, United States Code, Section 924(e), the defendant was found to be an Armed Career Criminal and sentenced to serve a term of 210 months in the custody of the Bureau of Prisons.

3.

Relying upon Johnson v. United States, 135 S.Ct. 2551(2015), which held that the residual clause of Title 18, United States Code, Section 924(e)(2)(B)(ii) (the Armed Career Criminal Act), defining a violent felony as "conduct presenting a serious potential risk of physical injury to another" was void for vagueness and United States v. Welch, 2016WL 1551144 (2016), holding that the rule in Johnson, supra, was a substantive new rule retroactive on collateral review, Simon now seeks authorization to file a successive motion attacking his sentence, pursuant to Title 28, United States Code, Section 2255(h)(2).

4.

Title 18, United States Code, Section 924(e) (the "Armed Career Criminal Act") provides that a defendant, found to have been previously convicted of three or more "violent felonies," serious drug offenses, or both, shall be sentenced to a term of imprisonment of not less than fifteen years and up to life.

5.

The Act defines "violent felony" as a crime which "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is the so called "elements clause." See Title 18, United States Code, Section 924(e)(2)(B)(i).

6.

It also defines the term "violent felony" as a "burglary, arson, or extortion, involves the use of explosives." It also encompasses "conduct that presents a serious potential risk of physical injury to another," the so called "residual clause." See Title 18, United States Code, Section 924(e)(2)(B)(ii).

7.

Although the Supreme Court, in <u>Johnson</u>, <u>supra</u>, held the "residual clause" unconstitutional, it did not strike down the "elements clause" nor did it invalidate the "four enumerated offenses" preceding the residual clauses which may be used to punish a defendant as an Armed Career Criminal.

8.

Simon's petition fails to set forth facts, that is, identify those convictions relied upon by the district court when it sentenced him as an Armed Career Criminal, now subject to attack under <u>Johnson</u>, <u>supra</u>. Without such information, a court, reviewing such a petition, is left to speculate what those convictions might otherwise be.[1]

9.

Other than Simon's conclusory allegations, his petition lacks those facts which would otherwise indicate whether he could indeed proceed forward with a second or successive motion to collaterally attack his sentence. He should not like a latter day Ali Baba, announce that he was sentenced as an Armed Career Criminal, utter the Supreme Court holdings of <u>Johnson</u> and <u>Welch</u>, and expect the gate to magically fly open allowing him to proceed with a successive motion, without alleging <u>additional facts</u> entitling him to move forward with such a motion, such as the specific conviction(s) he believes now vulnerable to attack. See

---

[1] Fortuitously, the Fifth Circuit rendered an opinion addressing a claim Simon raised years earlier attacking his sentence as an Armed Career Criminal. Over ten years ago, in <u>U.S. v. Stephen P. Simon</u>, 153 Fed.Appx.326 (5th Cir. 2005), the Fifth Circuit found that Simon's three prior convictions for simple burglary constituted convictions for generic burglary of buildings, qualifying him to be sentenced as an Armed Career Criminal. This bolsters the argument supporting the position that Simon, and others like him, should be required to specify those earlier convictions believed to be vulnerable, so that an appeals court could determine whether he could proceed with a successive collateral motion attacking his sentence.

Title 28, United States Code, Section 2244(b)(3)(C); and <u>Haouari v. U.S.</u>, 510 F.3d 350, 353 (2d. Cir. 2007).

10.

Judicial resources should not be needlessly expended based on a defendant's mere assertion and belief, without more, that the earlier convictions relied upon to sentence him as an Armed Career Criminal, lack validity under <u>Johnson</u>, <u>supra</u>, without requiring such a defendant to specify or identify those prior convictions.

11.

Authorization from a court of appeals is required before a district court may consider the merits of petition for a successive motion collaterally attacking a sentence.  <u>See</u> Title 28, United States Code, Secction 2255(h)(2); and  <u>U.S. v. Gallegos</u>, 142 F.3d 1211, 1212 (10th Cir. 1998).

12.

Simon's petition seeking such authorization should have been filed with the Court of Appeals for the Fifth Circuit.

13.

A district court has the option of transferring Simon's motion or petition to the court of appeals. <u>See</u> <u>Boyd v. U.S.</u>, 304 F.3d 813, 814 (8th Cir. 2002); and <u>U.S. v. Barrett</u>, 178 F.3d 34, 41 n. 1 (1st Cir. 1999)

**WHEREFORE**, this Honorable Court should either dismiss Simon's petition without prejudice or forward it <u>along</u> with the Government's response to the Court of Appeals for the Fifth Circuit for it to determine whether to allow the filing of a successive collateral attack upon his sentence.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY


<u>/s/ Robert W. Piedrahita</u>
Robert W. Piedrahita, LBN 10989
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: robert.piedrahita@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN PATRICK SIMON : | |
| : | CRIMINAL NO.: 02-82-BAJ-EWD |
| VERSUS : | |
| : | |
| UNITED STATES OF AMERICA : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *United States' Response To Defendant's Motion For Order Authorizing Second Or Successive Motion To Collaterally Attack Conviction and Sentence* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via U.S. mail to Stephen P. Simon, FCC Yazoo City Low, 3-A-U, P.O. Box 5000, Yazoo City, MS 39194-5000.

Baton Rouge, Louisiana, on this 19th day of May, 2016.

/s/ Robert W. Piedrahita
Robert W. Piedrahita
Assistant United States Attorney